[No. 14029. Department One. October 31, 1917.]

MARY H. CROSS, *Respondent*, v. WILLIAM J. CROSS, *Appellant*.[1]

DIVORCE—ALIMONY—AGREEMENT—EFFECT OF DECREE. The terms of an agreement between husband and wife settling property rights prior to judgment cannot control the rights of the parties as to accumulated alimony under decrees that were unappealed from.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 10, 1916, upon findings in favor of the plaintiff, modifying a decree of divorce respecting alimony, tried to the court. Affirmed.

*Gay & Griffin*, for appellant.

*Irving T. Cole*, for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court modifying the previous decree as to the alimony and adjudging that the defendant pay the amount of alimony which had accrued at the time of the hearing, and that he should thereafter, until the further order of the court, pay to the plaintiff as alimony the sum of $11.66 per month. On December 10, 1902, a decree was entered in this case whereby

[1]Reported in 168 Pac. 168.

the bonds of matrimony theretofore existing between the parties were dissolved and the plaintiff was granted a divorce from the defendant. At this time, there were two minor children, the custody of whom was awarded to the plaintiff. Relating to alimony, the decree contains this provision:

"That the defendant, W. J. Cross, shall pay to the plaintiff, Mary Cross, for the support of herself and her said children, the sum of $35 per month, semi-annually in advance. . . ."

On October 9, 1914, after a citation directed to the defendant to show cause why he should not pay the then accumulated back alimony, and after a hearing on the order to show cause, a judgment was entered which contained this provision:

"It is hereby further ordered, adjudged and decreed that defendant pay to the plaintiff herein the sum of Two Hundred and Ten Dollars ($210) on or before November 1, 1914, as alimony for the period of six (6) months beginning with October 1, 1914, and that defendant shall pay, until further order of this court, to plaintiff as alimony the amount provided for in said decree, to-wit, at the rate of Thirty-five dollars ($35) per month, payable every six (6) months in advance, the next payment to be six (6) months from said October 1, 1914, to-wit, on April 1, 1915, and that in all other respects said decree remain unmodified."

On September 15, 1916, an order was entered in the cause, directed to the defendant, to appear and show cause why he should not be punished for contempt of court for failure to pay "certain alimony and certain taxes directed to be paid by him under an order of this court entered on October 9, 1914. . . ." The defendant answered this order and petitioned that he be discharged from the further payment of alimony. At the time of the hearing upon the order and petition, the two children mentioned were no longer dependent upon the mother for support. The hearing resulted in a judgment entered on November 10, 1916, in which it was found that the sum of $450 was then due and unpaid for back

alimony, and this was directed to be paid as specified in the order. It was further ordered:

"That the defendant herein pay to plaintiff herein beginning with April 1, 1917, the sum of $11.66 per month until otherwise directed by this court."

The appeal is from this order and judgment. No appeal was prosecuted from the original judgment of divorce entered on December 10, 1902. Neither was any appeal prosecuted from the judgment entered on October 9, 1914. The appellant relies upon a contract settling property rights which was entered into between the parties prior to the entry of the original decree. In the conclusions of law, this contract is referred to and made a part thereof. It is not referred to in the original decree in any manner. It is now claimed that the contract should control and not the provisions of the decree. From the paragraph quoted from that decree above, it would appear that the alimony there allowed was for the support of both the respondent and the children. The language is "of herself and her said children the sum of $35 per month." If the terms of the contract and the decree are not in accord, that of the latter, of course, must prevail. If the decree is not in accord with the findings and conclusions of law, of which the contract is a part, that decree cannot be now modified in this proceeding. It has long since become unassailable for any cause, except the alimony may be modified, as the changing situation and circumstances of the parties may require, since it was given both for the support of the mother and the children. *Ruge v. Ruge*, 97 Wash. 51, 165 Pac. 1063.

It follows, therefore, that the accumulation of alimony under the original decree would continue, except as modified in the judgment of October 9, 1914. That judgment contained a provision "that defendant shall pay, until further order of this court, to the plaintiff as alimony" the sum of $35 per month as therein specified. Under this decree, at

the time of the last hearing, there was an accumulation of $450 unpaid.

It is also claimed that the appellant should be relieved from the payment of further alimony because of his lack of financial ability, and the further fact that an allowance of alimony to the respondent is no longer necessary. The evidence as to the respondent's physical condition and ability or inability to maintain herself will not be here reviewed, as it would serve no useful purpose. It is enough to say that we have read the testimony with care and think that the trial court committed no error in fixing the future alimony at the sum specified.

The judgment appealed from will be affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.