[No. 35897.    Department One.    November 30, 1961.]

ANN FLECKENSTEIN, *Respondent,* v. ERNEST A. FLECKENSTEIN, *Appellant.**

*Ernest A. Fleckenstein, pro se.*

*Victor J. Felice,* for respondent.

PER CURIAM.—The respondent was granted a decree of divorce against the appellant on March 10, 1960. On No-

*Reported in 366 P. (2d) 688.

vember 23, 1960, her petition for modification of the decree as to alimony was granted. This appeal is from the judgment modifying the original decree and ordering the appellant to pay the sum of seventy-five dollars per month for a period of three years. Appellant assigns error to the entering of this judgment and contends that the original decree, insofar as it made disposition of the property of the parties, was not subject to modification. RCW 26.08.110 so provides.

However, the respondent did not seek a modification of the decree insofar as it disposed of the property of the parties. The original decree directed the appellant to pay a lump sum of nine hundred dollars to the respondent, and was in accordance with an agreement of the parties, which was termed a "property settlement." However, the respondent's evidence showed and the trial court made a finding that this was in fact for alimony. No error has been assigned to this finding.

RCW 26.08.110, making provision for the granting of a decree of divorce or annulment, reads in part:

". . . Such decree as to alimony and the care, custody, support and education of children may be modified, altered and revised by the court from time to time as circumstances may require. . . ."

The provisions of a divorce decree relative to alimony and support money may be modified on a proper showing, even if the payments were provided for in an agreement between the parties. *Millheisler v. Millheisler,* 43 Wn. (2d) 282, 261 P. (2d) 69. Future payments provided for by an agreement in writing can be either alimony and support money or a property settlement, depending upon the circumstances and the intent of the parties. *Millheisler v. Millheisler, supra; Duncan v. Duncan,* 25 Wn. (2d) 843, 172 P. (2d) 210.

The modification sought and granted in this case was not a modification of the property division but of the alimony provisions. The statute authorized the court to grant that modification, and the assignment of error is without merit.

The record reveals that the appellant has persistently failed and refused to comply with the original decree and has been very expert at avoiding the service of process upon him. This appeal has enabled him to accomplish a further delay in making the payments required of him by the court. In view of these circumstances, we think the trial court may be inclined to exercise the discretion which it has under RCW 26.08.190 and award the respondent an additional amount to pay her attorney's fees on this appeal. The cause is remanded, therefore, for this purpose.

In all other respects, the judgment is affirmed.