[No. 42700.    En Banc.    June 7, 1973.]

JANE D. THOMPSON, *Respondent,* v. DONALD L. THOMPSON, *Appellant.*

*Reaugh, Hart, Allison, Prescott & Davis,* by *Robert B. Allison* and *Keith R. Baldwin,* for appellant.

*Cartano, Botzer & Chapman,* by *Frank W. Birkholz,* for respondent.

ROSELLINI, J.—In June 1969, the parties to this appeal were divorced. The decree adopted the provisions of a property settlement agreement which had been drawn by counsel for the two parties, after considerable negotiation, and which had been signed by the parties. It provided, *inter alia,* for the division of certain real and personal property, for the support of a child, for visitation rights, for the disposition of certain property upon the deaths of both parties, and for "alimony."

The provision entitled "alimony" was as follows:

IT IS FURTHER ORDERED AND DECREED that the defendant shall pay to the plaintiff commencing July 1, 1969, the sum of $500.00 per month for the duration of her life. In addition, for the duration of plaintiff's life, she shall receive a sum equal to the excess, if any, over $6,000.00 per year of the net income yielded by the one-third ownership of the defendant in the Ninth & Lenora Street Company, a joint tenancy composed of Donald L. Thompson, Stuart G. Thompson, Jr. and Robert F. Thompson.

In arriving at this determination, depreciation on the present structure located on the hereafter described premises shall be in accordance with a pro forma statement attached to the findings of fact heretofore entered herein, and the defendant shall be entitled to the benefit of the reserve account relating to depreciation in accordance with the said pro forma statement. Also, in arriving at said net income, there shall be deducted the cost of repairs, insurance, utilities, taxes, management expenses and other ordinary operating costs.

The monies now and hereafter in the said reserve account may be distributed to the defendant as may be

agreed upon by himself and the other tenants in common.

Upon the computation of the net rental from the Ninth & Lenora Company after the calendar year end, a balloon payment shall be made to conform with the defendant's additional alimony commitment as outlined above. The defendant shall exercise reasonable diligence to insure that such computation is made within a reasonable time following the end of each calendar year, and the said balloon payment shall become due and payable forthwith upon said computation.

Said payments shall constitute alimony, which shall be taxable to plaintiff. The Court, in making this decree, is cognizant of the fact that the findings of fact recite that the defendant for himself, his heirs, executors, administrators and assigns agrees not to seek to cause said alimony right to be reduced or altered on the basis of any change of circumstance with respect to either party; but such prohibiting shall not operate to prevent the plaintiff from seeking modification of same on the basis of change of circumstances; . . .

No appeal was taken from the entry of the decree of divorce, nor was any proceeding instituted to set the judgment aside under RCW 4.72.

Approximately 3 years later, on May 23, 1972, the appellant filed a petition to modify the "alimony" provision. The respondent moved for summary judgment, which was granted, the court holding that the appellant was bound by his agreement, making the challenged payments permanent regardless of any change of circumstances.

An appeal was taken to the Court of Appeals and, thereafter, upon motion of the parties, the appeal was transferred to this court, so that the case might be heard and considered in conjunction with *Kinne v. Kinne,* 82 Wn.2d 360, 510 P.2d 814 (1973).

The case is before the court upon stipulated facts which tend to show that the parties understood and agreed, before the property settlement was signed, that the provision for support of the respondent was a part of the division of the property and that the term "alimony" was used solely for tax purposes. Not only was this referred to in negotiations

conducted between counsel for the parties, but the agreement itself declares

> it is intended herein to fully, completely and irrevocably settle the property rights of the parties . . .

and

> [i]t is intended that this property settlement agreement shall equally divide the community property of the parties.

The appellant's position before this court is that the trial court did not rule upon the question whether the payments were alimony or a property division, but rather rested its decision on the fact that the appellant agreed not to seek modification of the divorce decree. And he contends that such an agreement, where payments provided for in a contract are alimony rather than a property division, is contrary to public policy and therefore unenforceable. We need not decide whether he is correct in this concept of the law, since we do not think that the court's judgment is subject to such a narrow construction. Furthermore, it is the rule that a correct judgment can be sustained on any theory within the pleadings and the proof. *Northwest Collectors, Inc. v. Enders,* 74 Wn.2d 585, 446 P.2d 200 (1968); *Lundgren v. Kieren,* 64 Wn.2d 672, 393 P.2d 625 (1964).

While no findings of fact or conclusions of law were entered, the judgment shows on its face that the court based its decision on its interpretation of the property settlement agreement which was signed by the defendant and which formed the basis of the decree. That agreement not only provided, as hereinbefore noted, that it was intended to fully and finally settle the property rights of the parties and to equally divide the property, but it further provided, in regard to that portion which was designated "alimony":

> It is understood and agreed that plaintiff shall, subject to the provisions herein, receive all of the net income in the one-third ownership in the Ninth and Lenora Street property, a joint tenancy composed of Donald L. Thompson, Stuart G. Thompson, and Robert F. Thompson, for

the duration of her life. This provision shall not be altered or modified by any change of circumstance or any application by the defendant to modify or reduce the alimony payments referred to herein or through any other act on the part of the defendant.

Alimony decreed by the court can be modified on subsequent application of a party to the divorce; property settlement provisions cannot. RCW 26.08.110.

Our cases hold that the provisions of a divorce decree relative to alimony may be modified on a proper showing, even if the payments were provided for in an agreement between the parties; however, the disposition of property made either by a divorce decree or by agreement between the parties and approved by the court cannot be so modified. *Messersmith v. Messersmith,* 68 Wn.2d 735, 415 P.2d 82 (1966); *Fleckenstein v. Fleckenstein,* 59 Wn.2d 131, 366 P.2d 688 (1961); *Millheisler v. Millheisler,* 43 Wn.2d 282, 261 P.2d 69 (1953), and *Duncan v. Duncan,* 25 Wn.2d 843, 172 P.2d 210 (1946).

■ These cases are in harmony with the general rule that where a provision for support is an integral and inseparable part of a property settlement, and a decree incorporates the agreement, the decree cannot be modified with respect to support. 2A W. Nelson, *Divorce and Annulment With Selected Forms* § 17.03 (2d rev. ed. F. Reed Poore David Rieg, E. Ent 1961). 24 Am. Jur. 2d *Divorce and Separation* § 909 (1966). According to the encyclopedia, the fact that the property settlement or the decree based thereon calls periodic payments "alimony" does not establish that they are such or that the provision for the payments is separable from the consideration for the settlement. Nelson's treatise is to the same effect.

■ Whether future payments provided in an agreement are alimony or a property division depends upon the circumstances and the intent of the parties. *Millheisler v Millheisler, supra.* If an ambiguity exists, the contract should be given a construction which makes it a rationa. and probable agreement, if it is open to such a construction. *Messersmith v. Messersmith, supra.*

An ambiguity exists in this agreement and in the decree, because on the one hand the payments have the character of a property division and on the other they are designated "alimony." Alimony is a provision decreed by the court for the support of a wife, the amount of which depends upon the needs of the wife and the ability of the husband to pay, as those factors are adjudged by the court. *Stacy v. Stacy,* 68 Wn.2d 573, 414 P.2d 791 (1966); 2 W. Nelson, *Divorce and Annulment With Selected Forms* § 14.24 (2d rev. ed. F. Reed Poore, David Rieg, E. Ent 1961). It is required by a public policy which has in mind not only the needs and equitable rights of the former marriage partner but also the concern that the burden of supporting that person should not fall upon the public. Because the justification for this post-marital right and obligation is so much involved with the relation between the need of the one party and the ability of the other to pay, the legislature has decreed, in RCW 26.08.110, that a divorce decree, insofar as it provides for alimony, is subject to modification by the court from time to time as circumstances may require.

We have held that the obligation to pay alimony terminates on the death of either spouse, unless the continuance of payment is specifically indicated in the decree. *Bird v. Henke,* 65 Wn.2d 79, 395 P.2d 751 (1964). In the discretion of the court, it may be terminated upon the remarriage of the wife (*see Fisch v. Marler,* 1 Wn.2d 698, 97 P.2d 147 (1939)) and changed financial circumstances of either party will justify a modification (2A W. Nelson, *supra,* § 17.16).

Alimony is an obligation which is paid out of the earnings or estate of the party responsible for it. A property division, on the other hand, simply disposes of the property of the parties, both community and separate; presumably upon an equitable basis. Such a division cannot always be conveniently effected by a present allocation of property to each party, and in a proper case, the property may be awarded to one with a duty to make compensating

payments to the other, as in the case of *Walls v. Walls,* 179 Wash. 440, 38 P.2d 205 (1934), where the wife was awarded the real property and was ordered to pay to the husband a sum of money "for his care and maintenance." It was there contended that the court could not award alimony to a husband, but it was held that the award was a part of the property division and that the words "for his care and maintenance" were not conclusive of the intent of the court in making the award.

Applying these principles to the decree and the agreement before us, we find that it was the clearly expressed intent of the parties, approved by the court, that the payments to the respondent under the caption "alimony" should not terminate upon any eventuality except her death; in other words, that the appellant's obligation should not be affected by any of the factors which ordinarily influence the award of alimony and the modification of such an award, such as the needs of the wife and the ability of the husband to pay, the subsequent remarriage of the wife, or any change in financial circumstances of either party. Furthermore, the payments were tied to a real estate holding of the parties. The respondent was given the net income from this business property for the duration of her life and, in effect, the appellant guaranteed that that income should not fall below $500 per month. Thus she was given a life estate in the property, which would ordinarily constitute a property division. Further, the agreement and the decree recite that it is the intent to equally divide the property of the parties. Finally, the appellant agreed and covenanted not to seek modification of the provision, an agreement itself inconsistent with the concept of alimony and manifesting an understanding that the provision for payments to the respondent was a part of the property settlement. It would be unreasonable to construe this agreement as providing for alimony, when the provisions are predominantly inconsistent with such an interpretation.

Against these manifestations of a mutual understanding that the payments were a part of the property

settlement is the use of the word "alimony" in describing the payments. The context would indicate that the word was used deliberately for some purpose connected with taxation; but whatever its purpose, it could not change the true nature of the agreement as manifested by its provisions as a whole.

The fact that the respondent reserved the right to seek modification does not alter the nature of the payments agreed to. As this court said in *Millheisler v. Millheisler, supra*, should an individual's contractual obligations prove insufficient to meet the needs of his divorced wife or children, the court could require additional support for them. It could add to but not subtract from those obligations. Thus this provision in the contract was merely a recitation of the applicable law. The additional support would constitute alimony. That which is provided for in the property settlement is an integral part of that agreement, as in *Millheisler v. Millheisler, supra; Campbell v. Campbell*, 66 Wn.2d 177, 401 P.2d 651 (1965), and *Messersmith v. Messersmith, supra*, and is part and parcel of the property division.

■ The appellant declares that he was deceived because the respondent did not advise him of her intended remarriage before the agreement was signed. He does not deny that he was aware of it shortly after the decree was entered, and he made no attempt to set the decree aside. A decree of divorce from which no appeal is taken and which is not challenged in a direct proceeding within the statutory period is not assailable for any cause, except that alimony may be modified as the changing situation and circumstances of the parties may require. *Cross v. Cross*, 98 Wash. 651, 168 P. 168 (1917). Furthermore, under the terms of the agreement, the remarriage of the respondent was not a circumstance which would afford grounds for modification, and the appellant does not claim that she promised never to remarry. He does not seriously suggest that the disclosure of her plans would have resulted in a different agreement.

The court was correct in holding that the respondent was bound by his contract and in ordering the entry of summary judgment in favor of the respondent.

The judgment is affirmed.

HALE, C.J., FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied August 23, 1973.