[No. 800-3.  Division Three.  April 15, 1974.]

MILDRED E. CARSTENS, *Appellant*, v. EARL E. CARSTENS, *Respondent*.

*Jerry K. Boyd* (of *Paine, Lowe, Coffin, Herman & O'Kelly*), for appellant.

*William G. Ennis* (of *Ennis & Klobucher*), for respondent.

McINTURFF, J.—Appellant appeals from the trial court's order modifying alimony payments of $180 per month to $150 per month.

Appellant and respondent were divorced in 1962. The present action arose when appellant instituted a show cause proceeding to require respondent to make payment of past due alimony obligations under the decree of divorce. Respondent then petitioned the court for modification of the decree of divorce, requesting that alimony payments be reduced in amount. Appellant argued, at the hearing on respondent's motion for modification, that the payments made to her were not in fact alimony, but constituted a nonmodifiable contract right under a property settlement agreement.

Prior to their divorce, appellant and respondent entered into a property settlement agreement, which provided in pertinent part:

4. The husband shall pay to the wife as alimony the sum of One Hundred Eighty Dollars ($180.00) per month on or before the tenth day of each month, commencing with the month of March, 1962, which said payments are to terminate upon the death of the wife or her remarriage, whichever occurs sooner. The death of the husband prior to the death or remarriage of the wife shall not cause said alimony payments to cease, and the same shall continue to be payable until the death or remarriage of the wife, whichever is sooner, which said payments are to be made under the terms of the trust agreement hereinafter referred to.

The decree of divorce incorporated the property settlement agreement.

Respondent was awarded substantial amounts of real property under the decree of divorce. But since the divorce he has frittered away substantial amounts of property constituting the bulk of his assets, to support his serious alcoholic problem. Contributing to the respondent's present financial state is the fact that, although respondent is an

accountant, he has earned very little income subsequent to the divorce.

The trial court found the payments to be alimony, and entered an order modifying the decree of divorce by reducing alimony payments from $180 per month to $150 per month.

Initially, appellant urges that the trial court erred in finding the monthly payments to be alimony rather than a nonmodifiable contract right under the property settlement agreement. The thrust of appellant's argument is that it was error for the trial court to refuse to take testimony concerning the circumstances surrounding the execution of the property settlement agreement and the entry of the decree of divorce, in order to determine the intent of the parties with regard to the payments designated as alimony.

■ It is true the designation of payments as either alimony or property settlement is not conclusive, but instead, the nature of their payments is determinative. *Thompson v. Thompson*, 82 Wn.2d 352, 510 P.2d 827 (1973); *Kinne v. Kinne*, 82 Wn.2d 360, 510 P.2d 814 (1973). In *Kinne*, the court stated at page 362:

> Future payments provided for by an agreement in writing can be either alimony and support money or a property settlement depending upon the circumstances and intent of the parties. *Thompson v. Thompson, supra; Messersmith v. Messersmith, supra* [68 Wn.2d 735, 415 P.2d 82 (1966)]; *Fleckenstein v. Fleckenstein, supra* [59 Wn.2d 131, 366 P.2d 688 (1961)]; *Millheisler v. Millheisler, supra* [43 Wn.2d 282, 261 P.2d 69 (1953)]. *Where, however, the contract is unambiguous on its face, the meaning of the contract is determined from its language and not from parol evidence. Messersmith v. Messersmith, supra.*

(Italics ours.)

■ Applying these principles of law, the focal issue becomes whether there exists an ambiguity in the property settlement agreement with regard to the provision denoted as alimony. We think not. Although not conclusive, the use of the term "alimony" is significant. The payments termi-

nate upon either the death or remarriage of appellant; thus not constituting a specific sum, which is customary in a property settlement. Lastly, the agreement also has specific provisions covering property settlement, while the alimony provisions are separately set out because of their distinction as alimony. In *Thompson v. Thompson, supra* at 357, the court stated:

We have held that the obligation to pay alimony terminates on the death of either spouse, unless the continuance of payment is specifically indicated in the decree. *Bird v. Henke*, 65 Wn.2d 79, 395 P.2d 751 (1964). In the discretion of the court, it may be terminated upon the remarriage of the wife (*see Fisch v. Marler*, 1 Wn.2d 698, 97 P.2d 147 (1939)) and changed financial circumstances of either party will justify a modification (2A W. Nelson, *supra* [2A W. Nelson, *Divorce and Annulment With Selected Forms* (2d rev. ed. F. Reed Poore, David Rieg, E. Ent 1961)], § 17.16).

Alimony is an obligation which is paid out of the earnings or estate of the party responsible for it. A property division, on the other hand, simply disposes of the property of the parties, both community and separate, presumably upon an equitable basis.

The property settlement agreement, specifically the alimony provisions, are unambiguous. The trial court did not err in excluding parol evidence regarding the surrounding circumstances of the execution of the agreement.

Appellant next contends that, assuming the payments were properly designated by the trial court as alimony, the evidence in the instant action is not sufficient to establish a change of circumstances which would justify modification of the decree of divorce. Appellant argues that if any change of circumstances were shown, the change was brought about by the respondent's alcoholism and a reluctance on the part of respondent to work as long as assets of his estate remained available to fill his alcoholic desires.

The rule is stated in *Lambert v. Lambert*, 66 Wn.2d 503, 510, 403 P.2d 664 (1965), as:

Voluntary reduction in income or self-imposed curtailment of earning capacity, absent a substantial showing of

good faith, will not constitute such a change of circumstances as to warrant a modification. *McKey v. McKey,* 228 Minn. 28, 36 N.W.2d 17 (1949); *Commonwealth ex rel. Mazon v. Mazon,* 163 Pa. Super. 502, 63 A.2d 112 (1949); *Crosby v. Crosby,* 182 Va. 461, 29 S.E.2d 241 (1944).

Changes in economic circumstances in the instant case are glaringly the result of respondent's alcoholic condition and subsequent depletion of his estate to fulfill his desires caused by that condition. The changes were self imposed and do not constitute a substantial change in circumstances sufficient to warrant a modification of the alimony provisions of the decree of divorce.

The original property settlement agreement provided security for the payments of the alimony, child support and property settlement provisions, by the execution of mortgages upon the enumerated specific parcels of real property granted to the respondent. Since that time many of these properties have been sold by respondent, the net effect of which is to remove security for the payment of the alimony provisions of the decree of divorce.

The judgment of the trial court modifying the alimony provisions of the decree of divorce is reversed and the case is remanded to the trial court with instructions to provide adequate security from the assets remaining in respondent's estate to secure said alimony payments.

GREEN, C.J., and MUNSON, J., concur.