[No. 1187-3.   Division Three.   August 22, 1975.]

*In the Matter of the Marriage of* DONALD W. ALEXANDER, *Petitioner, and* BARBARA L. ALEXANDER, *Respondent.*

*Larry Carlson* and *Carlson & Drewelow, Inc., P.S.*, for petitioner.

*John P. Gilreath* and *Dano, Cone & Fraser*, for respondent.

GREEN, J.—Petitioner-husband appeals from the property distribution, alimony award, child support and custody provisions of a dissolution decree.

In 1971 the parties separated. At that time, they entered into an agreement which provided for the division of all property, custody and support of their three minor chil-

dren, and maintenance or alimony for the wife. Subsequently, respondent-wife commenced a divorce action which she dismissed. In 1973, respondent and the children, who had moved from Washington to Texas, returned to Washington, in an effort to effect a reconciliation. When this effort failed, petitioner filed for dissolution.

The first major issue is whether the court improperly modified the property settlement agreement when it increased the wife's alimony award. We answer in the negative.

While the property agreement by its terms was a final division of property, it did not preclude modification of the alimony provisions.[1] In fact, the petitioner in his pleading requested that the court modify the agreement's alimony provision. In finding of fact No. 11, the court found:

> [S]ince the Property Settlement Agreement was entered into in 1971 there have been material changes in the ability of the petitioner to pay alimony and maintenance, in that his income has increased in 1971 from $57,000.00 to $86,000.00 in 1973 and he estimates future gross earnings of $78,000.00 per year. While earning $57,000.00 per year, the original Property Settlement Agreement provided for support money and maintenance of $500.00 per month. The costs of living to the respondent have substantially increased since 1971. . . . [Therefore,] [t]he respondent should be awarded alimony and maintenance in the sum of $700.00 per month for a period of two years from April 1, 1974 expiring March 31, 1976 and, thereafter, be reduced to $500.00 per month until the youngest child of the parties . . . attains 18 years of age or alternatively until the death of respondent or remarriage, whichever event should occur the earlier.

[1]The 1971 property settlement agreement provided in part:

"It is understood and agreed that this document does not constitute an agreement to obtain a divorce. It is instead an honest effort by both parties, by and through their respective attorneys, to settle all property rights. *As such, it is a final, complete and binding division and disposition of all community and other property of the parties and it is not subject to change or modification for fraud, misrepresentation or failure to disclose assets.*" (Italics ours.)

This finding is supported by substantial evidence. We conclude that the trial court's modification, because of a change in circumstances, is in accord with the guidelines established in *Kinne v. Kinne*, 82 Wn.2d 360, 364, 510 P.2d 814 (1973), and contemplated in RCW 26.09.070(3)[2] and RCW 26.09.170.[3] *See* Rieke, *The Dissolution Act*, 49 Wash. L. Rev. 375, 405-06 (1974).

The second major issue is whether the trial court erred in awarding custody of the three minor children to respondent. We answer in the negative.

Finding of fact No. 10 reveals that: The wishes of the children were considered; the children love their parents dearly and should not be placed in the position of deciding between them; both parents are fit; the petitioner would be a good father but has limitations posed upon his time; the children want to be together; respondent has been an excellent mother in caring for the children; during the week of the attempt at reconciliation, petitioner was gone 3 nights while attending medical meetings, thereafter went on a trip to Dallas and a week later after his return from Dallas was gone on a hunting trip to Colorado for an additional week. Based upon this unchallenged finding which must be accepted as a verity, we cannot say that the trial court erred in awarding custody of the children to the respondent. In fact, the award complies with the custody provisions of the property settlement agreement.

Judgment affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied September 25, 1975.

Review denied by Supreme Court November 24, 1975.

---

[2]"[T]he contract, except for those terms providing for the custody, support, and visitation of children, shall be binding upon the court unless it finds, *after considering the economic circumstances of the parties and any other relevant evidence produced by the parties* on their own motion or on request of the court, that the separation contract was unfair at the time of its execution." (Italics ours.)

[3]"Except as otherwise provided in subsection (7) of RCW 26.09.070, the provisions of any decree respecting maintenance or support may be modified . . ."