[No. 6512-6-II.   Division Two.   June 25, 1985.]

JAI ANN PUCKETT, *Appellant*, v. JACQUELINE
PUCKETT, *Individually and as Personal
Representative, Respondent.*

*Darrell E. Lee,* for appellant.

*Kenneth W. Weber,* for respondent.

PETRICH, J.—Decedent's former wife (Karen), on her own behalf and as guardian ad litem of her daughter (Jai Ann) fathered by the decedent, appeals from adverse judgments in two consolidated causes. Both involve the interpretation and enforcement of a divorce decree entered in 1973. Two issues are raised on appeal: (1) whether the trial court erroneously construed decedent's obligation in an earlier divorce decree, to maintain a life insurance policy for Jai Ann's benefit, as security for his child support obligation; and (2) whether the trial court erred in characterizing a monthly award to Karen for 12 years as spousal support terminable on decedent's death, rather than as a property division. We affirm the spousal support determination, but reverse on the life insurance issue.[1]

---

[1]Decedent's estate cross–appeals a modification of the initial divorce decree which extended child support beyond Jai Ann's minority. Since the extent of the child support obligation would be of significance in determining the adequacy of the amount available to the minor child only if we were to determine that the life

Decedent and Karen married in 1960. Jai Ann was born of this union on June 20, 1965. In 1973 the marriage was dissolved by a default decree, which provided:

> That the defendant be, and he hereby is, ordered and directed to pay to the plaintiff the sum of $75.00 per month for the support of the minor child of the parties, and in addition, pay all of her medical and dental expenses until she becomes of age or otherwise self–supporting; that the defendant is further ordered to pay to the plaintiff the sum of $425.00 per month for her support for a period of twelve years from the date of the entry of this decree of divorce; that defendant is further ordered to maintain the existing Pan American life insurance policy for the benefit of Jai Ann, recognizing that the plaintiff will be her trustee and guardian during her minority.

At the time of the 1973 divorce decree, decedent worked for Pan American Airlines as a pilot. As an incident to his employment, he received a life insurance policy which increased in value in proportion to his tenure with Pan American. The face value of this policy at the time of the divorce was approximately $90,000. Jai Ann was listed as the sole beneficiary. Decedent did not appeal the entry of the default decree.

Decedent remarried and continued working for Pan American. Before his death in January 1980, decedent changed the beneficiary on the policy to his estate. Decedent also executed a will on January 5, 1980. According to the will, Jai Ann was to receive $90,000 from the Pan American policy proceeds to be held in trust. The face value of the policy at decedent's death was approximately $187,500.

Karen and Jai Ann instituted separate lawsuits against decedent's estate. These were eventually consolidated on March 27, 1981. The trial court denied Jai Ann's motion for summary judgment wherein she sought an award for the entire insurance proceeds. After a hearing on the adequacy

---

insurance was security for the support obligation, it is not necessary to address this issue.

of the $90,000 bequest to satisfy the obligation to support Jai Ann, who suffered from serious congenital deficiencies, the court entered findings, conclusions, and judgment in favor of the estate. In essence, the court held that the policy was merely security for decedent's support obligation to Jai Ann and that $90,000 was adequate for this purpose. In Karen's case, the trial court granted the estate's summary judgment motion on the basis that the decree unambiguously designated the monthly amount as "support."

## I
### INSURANCE POLICY

Jai Ann contends that by the clear and unambiguous terms of the 1973 divorce decree, she has a vested property interest in the entire life insurance policy, including the increase in value after the decree. Decedent's estate argues that the decree unambiguously vested ownership of the policy in decedent to provide security for his support obligations, and that he was permitted to designate a different beneficiary for the increased value not necessary for securing his child support obligations. For the reasons stated below, we agree with Jai Ann.

■ We engage in the same inquiry as the trial court in deciding whether Jai Ann's summary judgment motion should have been granted. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). The crucial determination is whether there is a genuine issue as to any material fact, and whether the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach, supra; Sarruf v. Miller,* 90 Wn.2d 880, 883, 586 P.2d 466 (1978).

■■ We recognize that a trial court in a dissolution proceeding may order a party to maintain life insurance with the children as beneficiaries so long as it relates to support and maintenance of the minors. *Sutherland v. Sutherland,* 77 Wn.2d 6, 10–11, 459 P.2d 397 (1969). This rule comports with the recognized concept that a father's duty of support owed to his children does not require the father to make a property division for his minor children in addition to support and maintenance. *Riser v. Riser,* 7 Wn. App. 647, 650, 501 P.2d 1069 (1972). Naturally, a father

may voluntarily agree to go beyond his legal duty, and this agreement will be upheld. *Crozier v. Equitable Life Assur. Soc'y of the United States,* 33 Wn. App. 828, 658 P.2d 39, *review denied,* 99 Wn.2d 1014 (1983). But in the absence of a clear and unmistakable intent to go beyond the father's legal duty, the life insurance provision must be interpreted as security for the support obligation. *In re Marriage of Donovan,* 25 Wn. App. 691, 698, 612 P.2d 387 (1980).

In *Riser v. Riser, supra,* the divorce decree incorporated the property settlement agreement of the parties and provided, in addition to a child support obligation of $100 per month until majority or other emancipation, as follows:

> The husband shall be awarded those policies presently insuring his life and agrees to maintain the same in full force and effect with the minor children of the parties irrevocable beneficiaries thereon until such time as said children shall have attained the age of majority or become otherwise emancipated from the custody of the parties hereto. Said life insurance policies are more specifically described as follows: Prudential Insurance Company, endowment at age 65, face $2,000.00; Government Employees Group Life (term) face $6,000.00.

*Riser,* 7 Wn. App. at 648.

The *Riser* court held:

> In the instant case the life insurance provision was a provision in addition to support and maintenance. *The policies were not merely security for the payment of support and maintenance,* and the policy proceeds were payable without regard to any remaining balance of support and maintenance payments that, but for the death of the father, would have become payable. . . .

*Riser,* 7 Wn. App. at 651.

To resolve issues concerning the intended effect of a divorce decree, reviewing courts are ordinarily limited to examining the provisions of that decree. *In re Marriage of Gimlett,* 95 Wn.2d 699, 705, 629 P.2d 450 (1981); *Kirk v. Continental Life & Accident Co.,* 85 Wn.2d 85, 88, 530 P.2d 643 (1975).

Turning to the divorce decree in question here, the use of

semicolons between the provisions indicates three distinct objectives, to wit: (1) child support and medical and dental expenses until Jai Ann becomes of age or is otherwise self-supporting; (2) an award for Karen's support; and (3) maintenance of the Pan American policy for Jai Ann's benefit, recognizing that Karen will be Jai Ann's trustee and guardian during her minority. There is no apparent link between the child support obligation and the obligation to maintain the Pan American policy for Jai Ann. Further, there is no age or other limiting factor attached to the decedent's obligation to maintain the policy for Jai Ann. Unlike in *Riser v. Riser, supra,* the insurance obligation did not cease at Jai Ann's majority or sooner. This case is a clearer example of an express provision in the decree exceeding the father's legal duty of support.

■ For all purposes, the obligation to maintain the Pan American policy for Jai Ann is a property provision without restriction. The terms of the divorce decree clearly express this intent. It may well be, as decedent's estate argues, that the decedent did not intend such an outcome or that the divorce court lacked the authority to award property to the child over and above the support obligation. *Sutherland v. Sutherland, supra.* However, decedent neither contested the divorce proceedings, nor appealed the default divorce decree. We will not look behind the face of the judgment now. *Thompson v. Thompson,* 82 Wn.2d 352, 359, 510 P.2d 827 (1973); *Svatonsky v. Svatonsky,* 63 Wn.2d 902, 904, 389 P.2d 663 (1964).

There is no issue of material fact concerning the interpretation of the 1973 divorce decree. As a matter of law, the Pan American policy, in its entirety, goes to Jai Ann. The trial court erred in not granting Jai Ann summary judgment.

## II
### SPOUSAL SUPPORT

Karen argues that the award of $425 per month for 12 years is akin to a property division, notwithstanding the use of the term "support" in the divorce decree. The trial court agreed with decedent's estate that the divorce decree

is not ambiguous; that the award to Karen was for her "support"; and that the obligation ceased upon decedent's death. We agree.

If the divorce decree is unambiguous, it is not open to construction or parol evidence. *Kirk v. Continental Life & Accident Co., supra; Sutliff v. Harstad,* 5 Wn. App. 539, 542, 488 P.2d 288 (1971). An ambiguity exists if the payments are designated "alimony" but have the character of a property division. *Thompson v. Thompson,* 82 Wn.2d at 357. In this regard, there is no magic in the use of terms such as alimony, maintenance or property award. *In re Marriage of Hadley,* 88 Wn.2d 649, 658, 565 P.2d 790 (1977). Whether an award is a property division or support depends on the circumstances and intent of the parties. *Kinne v. Kinne,* 82 Wn.2d 360, 362, 510 P.2d 814 (1973). It is persuasive, however, when the award is termed "support" and the support provisions are separately set out apart from the property division provisions. *Carstens v. Carstens,* 10 Wn. App. 964, 966–67, 521 P.2d 241 (1974).

We are convinced that the plain language of the divorce decree here must control. The award is labeled "support" and is separate from the property division portions of the decree. The duration of the support for the specified term does not change the result. The support obligation ceased upon decedent's death. Summary judgment was appropriate.

We affirm the summary judgment against Karen. We reverse the judgment against Jai Ann and order a summary judgment be entered in accordance with this opinion.

REED, A.C.J., and ALEXANDER, J., concur.

Reconsideration denied July 30, 1985.

Review denied by Supreme Court October 4, 1985.