[No. 622-2.    Division Two.    July 19, 1972.]

MARIE KINNE, *Respondent*, v. LEROY KINNE, *Appellant*.

*Ernest L. Meyer*, for appellant.

*Trena Belsito Worthington*, for respondent.

PETRIE, C.J.—Appellant, LeRoy Kinne, brings this appeal from a summary judgment dismissing his petition seeking to modify the provisions of a divorce decree which requires him to make monthly payments to his ex-wife, Marie Kinne, here the respondent.

The issue in controversy centers around the following provision contained in the property settlement agreement

executed by the parties and incorporated by reference into the decree of divorce:

> That Second Party [husband] will pay to the First Party [wife] the sum of $156.00 per month until her remarriage, death or until First Party has another income in excess of that paid to her by Second Party plus her Social Security of $44.00 per month; that is, until First Party has an income in excess of $200.00 per month from some independent source, and it is further UNDERSTOOD AND AGREED THAT *this payment shall be considered property settlement and not alimony* and Second Party agrees that said payment will not be reduced or terminated by application of Second Party unless the conditions hereinbefore mentioned are prevailing.

(Italics ours.)

The basic question presented is whether the recitation that the agreed monthly payments to the wife are "property settlement and not alimony" precludes further inquiry as to their character. The trial court found the language of the contract determinative and refused to receive evidence on the issue of whether or not the payments are, in fact, alimony.

LeRoy and Marie Kinne were married February 14, 1959. There were no children of the marriage. After 10 years of marriage, Marie filed for divorce. In her complaint she alleged, among other things:

> That the plaintiff is of the age of 62 years and has no way of earning her own livelihood, and furthermore she feels that she is physically and mentally unable to do so by reason of her age and her mental depression because of the cruel treatment accorded her by defendant as set forth herein.

In her prayer she asked:

> 1. That the court award plaintiff a Decree of Divorce from the Defendant, LeRoy J. Kinne.
> 2. That said Decree make equitable distribution of the real and personal property of the parties.
> 3. That said Decree make adequate provision for the support of the plaintiff so long as she remains unmarried or is completely self supporting.

Prior to entry of the decree the parties executed a property settlement agreement in which it was agreed that, in addition to the monthly payments of $156, Marie would be awarded certain household furnishings, a bank account of approximately $1,100 and a lien in the amount of $3,900 on the family home. Appellant was to receive the remainder of the personal property and the family home subject to the lien. The property settlement agreement was drawn and notarized by the wife's attorney. Appellant was not represented by an attorney. The divorce proceeded by default and on July 22, 1969 Marie was awarded a decree of divorce from appellant. The decree specifically approved the property settlement agreement and made it a part thereof by reference and incorporation.

Appellant's basic contention is that the bare recitation in the property settlement agreement denominating the monthly payments as "property settlement" should not be controlling. He alleged in his petition for modification that at the time the agreement was executed the then present value of $156 per month for life to respondent exceeded $19,000, a sum greater than the total value of the assets then owned by the parties. Because the continuation of the payments are contingent on respondent's remarriage, death or an increase in her income from an independent source, appellant argues it is apparent, or at least arguable, that the parties intended these payments were for respondent's support. We agree.

We have before us what appears initially to be the clearly expressed intent of the parties by their contract that the monthly payments of $156 to respondent constitute payments in settlement of their property. Future payments provided for by an agreement in writing can be either alimony and support money or a property settlement, depending upon the circumstances and the intent of the parties. *Messersmith v. Messersmith*, 68 Wn.2d 735, 415 P.2d 82 (1966); *Campbell v. Campbell*, 66 Wn.2d 177, 401 P.2d 651 (1965); *Fleckenstein v. Fleckenstein*, 59 Wn.2d 131, 366 P.2d 688 (1961); *Millheisler v. Millheisler*, 43 Wn.2d 282,

261 P.2d 69 (1953). Because the property agreement was incorporated into the decree of divorce, we inquire into the question of the intent of the court, in the technical sense, rather than the intent of the parties. *Berry v. Berry*, 50 Wn.2d 158, 310 P.2d 223 (1957).

The purpose of these payments is placed in doubt by the divorce court's findings of fact and conclusions of law and by its decree of divorce. Finding of fact 6 provides:

> That the Court finds that the Property Settlement Agreement filed herein and executed by the parties on the 24th day of April, 1969 is fair and equitable under the circumstances of this case.

Finding of fact 7 states:

> That the plaintiff is of the age of 62 years at the time of the commencement of this action and is unable to earn her own livelihood and is physically and mentally unable to do so by reason of her age and her mental and emotional depression because of the cruel treatment accorded her by defendant . . .

■ ■ In Washington, alimony is not a matter of right (*Morgan v. Morgan*, 59 Wn.2d 639, 369 P.2d 516 (1962)), but, where the necessities of the wife demand and where the husband has the ability to pay, the responsibility of a husband to support his wife may properly require an award of alimony under the particular facts and circumstances of the case. *Endres v. Endres*, 62 Wn.2d 55, 380 P.2d 873 (1963). It is quite apparent that respondent at the time of the divorce was totally unable to support herself. Through their contract the parties here have sought to convert into a property settlement that which would otherwise be support or alimony. Respondent's argument impresses upon us the freedom allowed parties to contract. However, we find that, under circumstances as these, the parties to a divorce proceeding should not be permitted by their freedom to contract to foreclose the public interest in seeing that adequate provision is made for an otherwise dependent party. Indeed, it is the duty of the trial court to insure that, as far as is possible under the circumstances of

the case, the public interest in the welfare of the wife and any children has been protected. *Decker v. Decker,* 52 Wn.2d 456, 326 P.2d 332 (1958). The following language from the *Decker* case at page 464 is particularly appropriate:

Certain language in some marital-relations decisions of this and other courts appears to emphasize unduly the contractual rights of the parties in the settlement of their marital difficulties by agreement or contract. We should be slow to conclude that a trial court waives or abdicates its duty to the public when it embodies or incorporates by reference in its decree of divorce the parties' agreed settlement. By and large, a trial court does not accept a settlement agreement of the parties simply because of their contractual rights, but because its provisions seem just and equitable and in furtherance of sound public policy, *all* factors being considered. In so far as courts refuse to examine critically the technical language or nomenclature involved in the provisions of a settlement agreement to determine whether the particular provisions are in fact *support* provisions, dictated by the husband's duty to support, such courts falter in their duty to the public by according undue homage to freedom of contract.

Because the welfare of parties to a divorce proceeding involves matters of strong public policy, courts should look beyond technical considerations or matters of form. Substance rather than form should control. *Valaer v. Valaer,* 45 Wn.2d 565, 277 P.2d 326 (1954); *Decker v. Decker, supra. See Brantley v. Brantley,* 54 Wn.2d 717, 344 P.2d 731 (1959). In the present case, the monthly payments appear to us to have all the indicia of alimony or support payments and to bear little, if any, of the indicia of division of property. We are, therefore, obliged to reverse the order appealed from.

In reversing the order of the trial court dismissing appellant's petition to modify, we do not hold that, as a matter of law, the agreed payments of $156 per month are support or alimony payments. The determination of whether the monthly payments to respondent are in fact for her support

must rest with the trial court upon further hearing. Clearly, also, we pass no judgment on the merits of the appellant's petition to modify the decree of divorce.

In view of our disposition of this appeal, we deem it expedient to comment on one additional matter which has been brought to our attention. To counter appellant's argument that the present value of the monthly payments to respondent far exceeds the total value of the parties' assets, respondent asserts that the present value of appellant's military pension was approximately $80,000. Although the assertion is not supported by the record brought before us, our decision in *Payne v. Payne*, 7 Wn. App. 338, 498 P.2d 882 (1972) lays to rest the contention that military retirement benefits constitute property divisible by a divorce court.

The order of the trial court is reversed and the cause remanded, respondent's claim for costs and attorney fees to abide the final result in these proceedings.

PEARSON and ARMSTRONG, JJ., concur.

Petition for rehearing denied August 22, 1972.

Review granted by Supreme Court October 12, 1972.