[No. 5935–9–III.   Division Three.   January 19, 1984.]

*In the Matter of the Marriage of* LAVONNE BURKEY, *Respondent, and* MARVIN BURKEY, *Appellant.*

*Donald Hackney,* for appellant.

*Douglas D. Lambarth* and *Lambarth & Geissler,* for respondent.

McINTURFF, J.—Marvin Burkey appeals from an order vacating portions of the decree dissolving his marriage to Lavonne Burkey. We reverse.

The parties' dissolution decree incorporated the terms of a separation agreement which divided their property and provided for the care and support of their one minor child. The agreement was drawn by Mrs. Burkey's attorney and executed by both parties. It recited that its provisions were a full and complete settlement of all property rights and that its terms were just and equitable. Mrs. Burkey testified to the same in the hearing on the dissolution petition. Mr. Burkey was not represented during those proceedings.

Within 2 months of the entry of the decree of dissolution, Mrs. Burkey obtained new counsel and moved to vacate it on the grounds of fraud and manifest injustice. CR 60(b)(4) and (11). Although the Superior Court specifically found Mrs. Burkey had been represented by independent counsel and that all property of the parties was made known to each other prior to the decree, it granted Mrs. Burkey's motion to vacate. Its decision was based on its finding that Mrs. Burkey's divorce attorney provided her with inadequate representation and its conclusion that Mr. Burkey breached a fiduciary duty to make known to his wife the value of all of the property before the dissolution. We hold the Superior Court erred in vacating the prior decree.

CR 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or

proceeding for the following reasons: . . .

(4) Fraud . . ., misrepresentation, or other misconduct of an adverse party; . . .

(11) Any other reason justifying relief from the operation of the judgment.

Such motions are addressed to the sound discretion of the trial court, whose judgment will not be disturbed absent a showing of a manifest abuse of discretion, *i.e.,* only when no reasonable person would take the position adopted by the trial court. *Griggs v. Averbeck Realty, Inc.,* 92 Wn.2d 576, 584, 599 P.2d 1289 (1979); *Haller v. Wallis,* 89 Wn.2d 539, 543, 573 P.2d 1302 (1978); *Morgan v. Burks,* 17 Wn. App. 193, 197–98, 563 P.2d 1260 (1977).

In reviewing the denial of a motion to vacate a consent decree, the court in *Haller* at 544 quoted 3 A. Freeman, *Judgments* § 1352, at 2776–77 (5th rev. ed. 1925):

> If [the judgment] conforms to the agreement or stipulation, it cannot be . . . set aside without the consent of the parties unless it is properly made to appear that it was *obtained by fraud or mutual mistake* or that consent was not in fact given, which is practically the same thing. It will not be set aside on the ground of surprise and excusable neglect. *Neither is an error or misapprehension of the parties, nor of their counsel, any justification for vacating the judgment . . . Erroneous advice of counsel, pursuant to which the consent judgment was entered is not ground for vacating it.*

(Italics ours.) Policy reasons favoring the finality of divorce settlements were set forth in *Peste v. Peste,* 1 Wn. App. 19, 25, 459 P.2d 70 (1969):

> To permit collateral attacks upon divorce proceedings without any more than a showing of a disparity in the award, would open a Pandora's Box, affecting subsequent marriages, real property titles and future business endeavors of both spouses.

Here, the Superior Court found no fraud, overreaching, or collusion between Mr. Burkey and the attorney Mrs. Burkey chose to represent her. The court also found that all of the parties' property was made known to each other

before the final decree. The only conclusion which arguably might support vacating the decree on the basis of fraud is that Mr. Burkey breached a fiduciary duty owed his wife to make known the value of all the property owned by the community. However, the court's findings do not support this conclusion and the record contains no evidence to sustain it.[1] Both Mr. and Mrs. Burkey were cognizant of the real and personal property owned by the community; there was no showing either had information regarding valuation which they kept from the other. Instead of securing expert appraisals of their property, they proceeded to estimate its value themselves. This situation is unlike that in *Seals v. Seals,* 22 Wn. App. 652, 590 P.2d 1301 (1979), where the court held the husband had breached his fiduciary duty by failing to disclose to his wife the *existence* of certain property prior to dissolution. The full disclosure mandated by the fiduciary relationship assumes that one party has information which the other needs to know to protect his interests.

Finally, the Superior Court's conclusion that the inadequate representation provided Mrs. Burkey by her attorney was reason to vacate the decree is directly contrary to the authority cited in *Haller.* Mr. Burkey is not responsible for the quality of the attorney's advice given Mrs. Burkey. Nor does the record support a conclusion that the dissolution decree should be vacated on the basis of manifest injustice under CR 60(b)(11).[2]

---

[1] The court found no formal appraisal had been made of the couple's property and that Mrs. Burkey had insufficient knowledge to value it even though she had worked in the family business and kept the family's financial records. However, the court made no finding that Mr. Burkey's knowledge in this regard exceeded that of his wife.

[2] *Morgan v. Burks, supra,* and *Graves v. P.J. Taggares Co.,* 94 Wn.2d 298, 616 P.2d 1223 (1980), relied upon by Mrs. Burkey, are distinguishable. The alleged omissions of Mrs. Burkey's attorney do not compare to the extremely unusual circumstances present in *Burks,* where a serious misunderstanding resulted in the entry of a settlement not consented to by the clients, or in *Graves,* where the attorney surrendered substantial rights of the client without the client's authorization.

Consequently, we hold the Superior Court abused its discretion when it vacated the prior decree. In so holding, we realize there are aspects of the separation agreement which, in retrospect, may seem to favor Mr. Burkey over his wife. However, once the agreement became part of the judgment, it could only be vacated for the reasons set forth in CR 60. Mrs. Burkey has failed to prove any of those reasons exist here.[3]

In her cross appeal, Mrs. Burkey argues the court erred in not including manifest injustice and Mr. Burkey's alleged breach of his fiduciary duty as bases for vacating the decree. As disclosed above, neither the findings nor the record indicate a manifest injustice or a breach of fiduciary duty. Hence, the inclusion of these items would not have resulted in our upholding the Superior Court's decision to vacate.

The judgment of the Superior Court is reversed.

GREEN, A.C.J., and THOMPSON, J., concur.

---

[3]Mrs. Burkey argues her husband had the burden of proving the validity of the separation agreement. She relies on the rule that spousal agreements which provide for a disproportionate division of property are presumed invalid unless the party asserting the agreement shows (1) full disclosure was made of the amount, character, and value of the property involved, and (2) the agreement was entered into voluntarily on independent advice. *In re Marriage of Hadley,* 88 Wn.2d 649, 654, 565 P.2d 790 (1977); *Friedlander v. Friedlander,* 80 Wn.2d 293, 300, 494 P.2d 208 (1972). First, we note *Hadley* and *Friedlander* were direct appeals from dissolution decrees. They were not subject to CR 60(b) and the policy favoring the finality of judgments, as is the appeal here. Second, the record establishes the validity of the separation agreement even under the *Hadley* and *Friedlander* standard. Full disclosure of the amount of property was made and the parties exercised their right to set their own value on that property without the benefit of appraisals. The Superior Court's finding that Lavonne's attorney acted as her independent counsel is also supported by substantial evidence. Therefore, the agreement withstands the *Hadley/Friedlander* test.