[Nos. 18480-3-III; 19208-3-III. Division Three. May 15, 2001.]

*In the Matter of the Marriage of* PHILLIP W. CURTIS, JR., *Respondent*, and ROBERTA S. PHILLIPS, *Appellant*.

---

[21] 117 Wn.2d 37, 811 P.2d 673 (1991).

[22] *Fluke Corp. v. Hartford Accident & Indem. Corp.*, 102 Wn. App. 237, 255, 7 P.3d 825 (2000).

*Mary E. Schultz* (of *Mary E. Schultz & Associates, P.S.*) and *Richard D. Wall*, for appellant.

*Jeff A. Morris* and *Scott A. Morris* (of *Morris & Morris*), for respondent.

SWEENEY, J. — Dr. Phillip Curtis, Jr., and Roberta Phillips entered into a property settlement agreement. The agreement became part of the dissolution decree. Ms. Phillips

hired a new lawyer and moved to vacate the property settlement before presentment of the decree. The court denied her motion. She appeals, and argues that the court should have applied the factors set forth in RCW 26.09.080 (considerations for the disposition of community property and liabilities) before accepting their negotiated property settlement.

Absent fraud, overreaching, or collusion, the courts will not set aside a property settlement agreement. A simple showing of disparity in the division of property is not enough. *In re Marriage of Burkey*, 36 Wn. App. 487, 489-90, 675 P.2d 619 (1984).

The property settlement here required Dr. Curtis to pay Ms. Phillips a lump sum of $50,000 to equalize the property settlement. He failed to make the payment. And Ms. Phillips moved to have him held in contempt. But she is not entitled to a contempt citation because the payment was not related to her support. *In re Marriage of Young*, 26 Wn. App. 843, 845, 615 P.2d 508 (1980).

We affirm the trial court's decisions upholding the property settlement and vacating the finding of contempt.

## FACTS

Dissolution Case. Ms. Phillips and Dr. Curtis were married in 1984. Dr. Curtis sued to dissolve the marriage in March 1995. Both were represented by counsel. They settled before trial. Both agreed to the settlement on the record and the court approved it.

Ms. Phillips then obtained new counsel before presentment of the decree and moved to vacate the settlement. She argued that (1) the settlement did not fairly value, and therefore fairly divide, Dr. Curtis's medical practice; (2) the parties were in grossly unequal financial positions; and (3) Ms. Phillips's former counsel did not adequately represent her.

The court concluded that Ms. Phillips understood the agreement, was aware of Dr. Curtis's medical practice, and

voluntarily entered into the settlement. The court found no fraud or misrepresentation and refused to vacate the settlement. Ms. Phillips appealed. A commissioner of this court denied Dr. Curtis's motion on the merits.

Contempt Proceedings. The settlement required Dr. Curtis to pay Ms. Phillips $50,000 upon entry of the dissolution decree. Ms. Phillips moved to stay the settlement pending her appeal; the court denied the motion.

The lawyers exchanged letters over whether Ms. Phillips would sign a statement saying she had received all personal property awarded to her under the settlement. Dr. Curtis refused to tender the $50,000 until Ms. Phillips acknowledged she had received all of her personal property. Ms. Phillips refused to provide an acknowledgement and moved to find Dr. Curtis in contempt.

Dr. Curtis moved to quash the contempt proceedings. A superior court commissioner heard the contempt proceedings and denied the motion to quash. The commissioner held that Dr. Curtis had not made a sufficient showing that the $50,000 payment was unrelated to support, held him in contempt, and ordered him to pay the $50,000 to Ms. Phillips. Ms. Phillips was also awarded $1,500 in attorney fees. Dr. Curtis then paid the $50,000.

Dr. Curtis moved to revise the commissioner's order. The superior court concluded that Ms. Phillips had the burden to show the payment was related to spousal support and she failed to do so. The court granted Dr. Curtis's motion to quash the contempt proceedings and vacated the order of contempt.

## DISCUSSION

### VACATION OF SETTLEMENT AGREEMENT

Ms. Phillips contends that the court has a duty to ensure that all property settlements satisfy public policy—specifi-

cally, the factors listed in RCW 26.09.080.[1] The court therefore erred by accepting the parties' settlement without expressly applying the factors found in RCW 26.09.080.

■■ A motion to vacate a property settlement is within the trial court's discretion. *Burkey*, 36 Wn. App. at 489. We will not disturb the trial court's approval of a property distribution unless there is a clear and manifest abuse of discretion. *Baird v. Baird*, 6 Wn. App. 587, 591, 494 P.2d 1387 (1972). We review a consent judgment for "fraud, mistake, misunderstanding or lack of jurisdiction." *Id.* at 589.

The substance of Ms. Phillips's argument is that the parties' settlement was unfair, her attorney did an inadequate job of representing her, and the trial court would have discovered this by applying the factors found in RCW 26.09.080. Ms. Phillips relies on *Decker v. Decker*, 52 Wn.2d 456, 326 P.2d 332 (1958).

There, the issue was "whether the constitutional prohibition against imprisonment for debt . . . bars the trial court from using contempt powers and imprisonment to enforce compliance with . . . [a] divorce decree." *Id.* at 457. The court held property settlements could be properly enforced with contempt powers. *Id.* at 465.

In dicta, the *Decker* court stated that some courts placed too much emphasis on contract rights to the exclusion of

---

[1] **"Disposition of property and liabilities—Factors.** In a proceeding for dissolution of the marriage, legal separation, declaration of invalidity, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall, without regard to marital misconduct, make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors including, but not limited to:

"(1) The nature and extent of the community property;

"(2) The nature and extent of the separate property;

"(3) The duration of the marriage; and

"(4) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to a spouse with whom the children reside the majority of the time." RCW 26.09.080.

public policy. *Id.* at 464. The court went on to say "a trial court does not accept a settlement agreement of the parties simply because of their contractual rights, but because its provisions seem just and equitable and in furtherance of sound public policy, all factors being considered." *Id.* (emphasis omitted).

Ms. Phillips argues that the property settlement was unfair here because (1) Dr. Curtis's medical practice was never properly valued, and (2) it was awarded solely to Dr. Curtis. Ms. Phillips's contentions, even if true, do not require vacating the settlement.

■ The duty to value an asset is on the parties when they know of the asset's existence. *In re Marriage of Maddix*, 41 Wn. App. 248, 253, 703 P.2d 1062 (1985); *Burkey*, 36 Wn. App. at 489-90. A party who voluntarily chooses not to value an asset before settlement "should not be allowed to return to court to do what should have been done prior to entry of the final decree." *Maddix*, 41 Wn. App. at 253.

Ms. Phillips does not claim that she was unaware of Dr. Curtis's medical practice, only that it was not properly valued. She could, however, have had her own expert value the practice. Indeed, Ms. Phillips identified such an expert on her witness list. She cannot now reopen the proceedings to do something that could have been done prior to entering the property settlement. *Id.*

■ Ms. Phillips also argues that awarding the medical practice to Dr. Curtis creates a financial disparity between the parties. But " '[t]o permit collateral attacks upon divorce proceedings without any more than a showing of a disparity in the award, would open a Pandora's Box, affecting subsequent marriages, real property titles and future business endeavors of both spouses.' " *Burkey*, 36 Wn. App. at 489 (quoting *Peste v. Peste*, 1 Wn. App. 19, 25, 459 P.2d 70 (1969)).

■ Ms. Phillips next argues that she received inadequate counsel. But this also is not a basis to vacate an

otherwise valid decree. *Burkey*, 36 Wn. App. at 490.

■ The overall fairness of a settlement is not an adequate ground to vacate a final decree. A settlement, even one that arguably favors one spouse over another, is still subject to the rules for obtaining relief from a judgment (CR 60). *Id.* at 491. The trial court has discretion whether to approve the parties' settlement. *Baird*, 6 Wn. App. at 591. The trial court did not abuse its discretion.

ATTORNEY FEES ON APPEAL

Dr. Curtis contends that Ms. Phillips's appeal is frivolous. He argues the law is clear that a party must show "fraud, mistake, misunderstanding or lack of jurisdiction" to even receive review. *Baird*, 6 Wn. App. at 589. And Ms. Phillips did not allege fraud, mistake, misrepresentation, or lack of jurisdiction. She moreover failed to cite any precedent, but instead relied on dicta from an inapplicable case (*Decker v. Decker*).

■ RAP 18.9(a) allows this court to award attorney fees on appeal if the appeal is frivolous. Frivolous appeals present no debatable issues upon which reasonable minds can differ and are so lacking in merit that there is no possibility of reversal. *In re Marriage of Foley*, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).

Ms. Phillips's argument here is that because public policy considerations play a role in the court's acceptance or rejection of a property settlement agreement, the court should apply RCW 26.09.080's factors to a voluntary settlement reached by the parties. And while that is an argument we reject, it is not frivolous. While the trial court certainly has the authority to reject a property settlement agreement,[2] it is not obligated by statute to apply the specific factors set out in RCW 26.09.080 when deciding whether to accept or reject a property settlement. Dr. Curtis's request for fees pursuant to RAP 18.9(a) is denied.

---

[2] *Baird*, 6 Wn. App. at 591.

CONTEMPT PROCEEDINGS

Ms. Phillips argues that the court erred by requiring her to show that Dr. Curtis's $50,000 payment was related to support.

The issue is whether the payment "has no reasonable relation to [the husband's] duty to support his wife and/or children." *Decker*, 52 Wn.2d at 465. Contempt is proper only if the payment is related to support. *Id.*; *In re Marriage of Young*, 26 Wn. App. 843, 845, 615 P.2d 508 (1980). Whether a payment relates to support is a question of fact. *Brantley v. Brantley*, 54 Wn.2d 717, 722 n.2, 344 P.2d 731 (1959) (citing *Decker*, 52 Wn.2d at 467).

The court in *Decker* held that property settlements may be enforced with contempt proceedings unless "(1) he can show that he does not have the means to comply with the order, or (2) *he can show that the particular provision sought to be enforced has no reasonable relation to his duty to support his wife and/or children." Decker*, 52 Wn.2d at 465 (emphasis added).

The *Decker* decision is not, however, as applicable as it might appear at first blush. There, the divorce decree required the husband to pay some community debts that were incurred prior to the dissolution. *Id.* at 457. The trial court made no finding as to whether the payments were related to the wife's support. *Id.* at 467. So the case was remanded for a determination of whether payment of the debts was related to the support of his wife. *Id.*

The court again dealt with whether a payment was support or a property distribution in *Kinne v. Kinne*.[3] There, the decree required the husband to pay the wife "$156.00 per month until her remarriage, death or until [she had an independent income of more than $200.00 per month]." *Kinne v. Kinne*, 82 Wn.2d at 361. The decree further stated the monthly payments could not be reduced or terminated unless the express conditions were satisfied. *Id.*

---

[3] 82 Wn.2d 360, 510 P.2d 814 (1973).

The husband subsequently moved to modify the monthly payments, arguing they were support. *Id.* The trial court found he was bound by the decree that labeled them a property settlement, and the payments could not be modified. *Id.* The Court of Appeals, relying on *Decker*, reversed. *Kinne v. Kinne*, 7 Wn. App. 350, 354, 498 P.2d 887 (1972). It held the court should have looked beyond the language of the decree to determine whether the payments were actually related to support. *Kinne*, 7 Wn. App. at 354-55.

 The Washington Supreme Court reversed the Court of Appeals. *Kinne*, 82 Wn.2d at 367. The court held:

> Future payments provided for by an agreement in writing can be either alimony and support money or a property settlement depending upon the circumstances and intent of the parties. *Where, however, the contract is unambiguous on its face, the meaning of the contract is determined from its language and not from parol evidence.*

*Id.* at 362 (emphasis added) (citations omitted). The court held the unambiguous language of the decree made the payments a property settlement. *Id.* at 366.

The same analysis was applied in *Young*. There, the parties' decree required Mr. Young to pay his wife approximately $49,000 to offset his military pension, at payments of $250 per month. *Young*, 26 Wn. App. at 843-44. Mr. Young was also required to maintain an insurance policy on his own life as security for the debt. No maintenance was awarded. *Id.* at 844. Mr. Young was eventually held in contempt for failing to make the monthly payments and allowing the insurance to lapse. *Id.*

The Court of Appeals reversed and vacated the judgment of contempt. *Id.* at 846. The court found the payment was a property settlement based upon the decree and underlying findings of fact and conclusions of law. *Id.* at 845. The court stated: "In the face of this *clear and unambiguous expression of the dissolution court's intent*, we cannot now, even in the face of Mr. Young's blatant refusal to pay the judgment,

recharacterize the award as support rather than property settlement." *Id.* at 846 (emphasis added).

*Kinne* and *Young* demonstrate that while intent ultimately dictates whether a payment is related to support, a decree that unambiguously expresses that intent is sufficient. Said another way, if the parties' or court's intent is not immediately clear from the decree, then parol evidence may be used to determine the purpose of the payment. However, when the parties' intent for the payment is clear, the text of the decree will control.

This does not change the fact that intent, rather than language, is controlling. *Brantley*, 54 Wn.2d at 721. Instead, it allows for the fact that parol evidence is not always necessary to determine the parties' intent. *Kinne*, 82 Wn.2d at 362; *Young*, 26 Wn. App. at 846.

■ Ms. Phillips argues that *Young* is not applicable because there the future payment directly offset a specific asset—the husband's military retirement. *Young*, 26 Wn. App. at 845-46. Ms. Phillips's focus is misplaced. A future payment's direct correlation to an asset is not the focus. The question is whether the parties' intent is made clear by the unambiguous language of the decree. Indeed, the future payments in *Kinne* were not directly tied to an asset. *Kinne*, 82 Wn.2d at 361. Nevertheless, the court determined that the decree's unambiguous language made the payments part of the property settlement. *Id.* at 366.

Here, the trial court determined that the decree made the $50,000 payment a property distribution. This is a finding of fact. *Brantley*, 54 Wn.2d at 722 n.2 (citing *Decker*, 52 Wn.2d at 467).

■ The decree has a specific provision relating to maintenance. Clerk's Papers (CP) at 401. The provision requiring the $50,000 payment is contained in the property settlement agreement, which was incorporated into the decree as exhibit "B." It states: "$50,000 cash to be paid by husband simultaneously with the entry of the Decree of Dissolution[.]" CP at 404.

Additionally, the lawyers represented that the $50,000 payment was an equalization payment when the settlement was read into the record. Report of Proceedings (Mar. 31, 1999) at 2-3.

Ms. Phillips's current position[4] that the $50,000 payment is really support is in direct conflict with (1) the language in the decree, (2) the oral description on the property settlement read into the record, and (3) Ms. Phillips's own motion for a stay of the property distribution. The $50,000 payment was property distribution and not support.

Moreover, the court specifically held Dr. Curtis was not in contempt even if the $50,000 payment was related to support. Essentially, the court concluded Dr. Curtis was not in contempt because Ms. Phillips, through her motion to stay the property distribution, did not want the funds to be disbursed to her.

The superior court correctly concluded that the contempt citation was improper.

ATTORNEY FEES FOR CONTEMPT

Dr. Curtis contends that a party defending an appeal of a contempt order is entitled to attorney fees.

■ RAP 18.1 allows an award of fees if applicable law provides such a right. A party defending the appeal of a contempt order may recover attorney fees under RCW 7.21.030(3). *R.A. Hanson Co. v. Magnuson*, 79 Wn. App. 497, 505, 903 P.2d 496 (1995).

Dr. Curtis's position is a little backward because the appealed order was a finding that there was *no* contempt, rather than a contempt finding. His request for fees is denied.

---

[4] In support of her motion to vacate the property settlement, Ms. Phillips claimed she did not know whether the payment was meant to be maintenance or property settlement. The payment was, however, deemed to be part of the property settlement when she moved to stay the property distribution. Finally, Ms. Phillips claimed she needed the payment for support when she moved to enforce the property settlement through contempt proceedings.

The property settlement is enforceable and the contempt finding is vacated.

Affirmed.

KURTZ, C.J., and KATO, J., concur.

Review denied at 145 Wn.2d 1008 (2001).