THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| In the Matter of the Marriage of: | No. 84042-8-I |
| PHUONG QUE TANG, | DIVISION ONE |
| Respondent, | UNPUBLISHED OPINION |
| and | |
| MINH HAN TRAN, | |
| Appellant. | |

HAZELRIGG, A.C.J. — Minh Han[1] Tran challenges the trial court's denial of his motion to vacate the final orders entered upon his default in this dissolution proceeding. Tran does not establish that the trial court abused its discretion in denying the motion. Therefore, we affirm.

FACTS

On October 20, 2021, Phuong Que Tang petitioned to dissolve her marriage to Tran. In her petition, Tang requested that the court fairly divide the parties'

_____

[1] Tran's name is twice spelled "Minh Hanh Tran" in his brief on appeal. However, every other reference set out in the record is consistent with the spelling in the caption from the trial court. Accordingly, we utilize the spelling from the record.

Bellevue home by awarding it to Tang in exchange for a $150,000.00 payment from Tang to Tran. Tang also requested that Tran be awarded one of the parties' four vehicles as his personal property and that the parties' remaining vehicles be awarded to Tang for her use and that of their adult children.

On October 23, 2021, a process server personally served Tran with a summons and Tang's petition. Tran did not appear in the proceeding as anticipated under CR 4.1, and on February 18, 2022, Tang moved for default and requested entry of final orders, i.e., a dissolution decree and findings and conclusions. The trial court granted Tang's motion and entered the orders that, among other things, awarded the marital assets in the manner requested in Tang's petition, including the Bellevue home and the parties' vehicles.

On February 23, 2022, Tran appeared through counsel and, on March 16, filed a motion to vacate the final orders.[2] Tran made a number of factual claims in his motion, including that: (1) the parties' home was "now worth $1.3 million," (2) all of Tran's income during the marriage was deposited into an account that Tang exclusively controlled, (3) Tang failed to disclose all of the parties' assets, (4) Tang knew that Tran's English language proficiency was limited, and (5) "attempted to blackmail and force [Tran] out of his equitable share of the parties' assets." Tran did not provide any evidence, such as a declaration, to support these allegations.[3]

---

[2] Tang previously filed motions to vacate on March 2 and March 11, 2022. The trial court denied the first motion because of "[m]ultiple problems," including with the form of Tran's proposed order, and it denied the second motion because it was "incomplete in that it lacks information regarding the location of the hearing and contact information for the court," and because the associated hearing notice "schedule[d] the matter before the Chief Civil Judge rather than the Chief UFC Judge." These denials are not before us.

[3] Nor was any such evidence provided to support the March 2 and March 11 motions that the trial court earlier denied.

Tang opposed Tran's motion, pointing out that, "[a]mong other things, Tran fails to provide the [c]ourt with any written declaration by Tran to support any factual assertions made in his motion to vacate." In an accompanying declaration, Tang attested that, after her attorney drafted her dissolution petition, she "handed [Tran] the Petition so [she and Tran] both [could] sign and file it as an uncontested divorce," but "[i]nstead of reviewing or asking [for] more time to review, [Tran] simply ripped up the paperwork in front of [Tang], while fiercely cursing at [her] the whole time." Tang also stated that when she handed Tran a second copy of the petition, "he simply accepted the paperwork, and without saying a word, walked away." She further asserted that later, after he was personally served, Tran said that he would "get a lawyer he had been consulting."

Tran did not file a reply and, on April 5, 2022, the trial court denied Tran's motion to vacate, reasoning that Tran "has not provided any factual basis that would warrant a vacation of the default or the final orders, in particular there is no accompanying affidavit or declaration from [Tran] supporting the allegations outlined in counsel's briefing. This is a serious omission that precludes granting this motion." Tran subsequently moved for reconsideration and was denied by the trial court.

Tran timely appealed.

ANALYSIS

I.    Motion to Vacate

Tran contends that the trial court erred by denying his motion to vacate.[4] We disagree.

"Motions to vacate 'are addressed to the sound discretion of the trial court, whose judgment will not be disturbed absent a showing of a manifest abuse of discretion.'" Newlon v. Alexander, 167 Wn. App. 195, 199, 272 P.3d 903 (2012) (quoting In re Marriage of Burkey, 36 Wn. App. 487, 489, 675 P.2d 619 (1984)). "Discretion is abused where it is exercised on untenable grounds or for untenable reasons." Id.

CR 60(b) sets forth the limited circumstances under which a trial court may vacate a final judgment or order. Tran does not specify the subsection of CR 60(b) under which he claims the trial court erred, but he relies principally on cases applying the standard in CR 60(b)(1) that authorizes a court to vacate a final order for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."[5]

---

[4] In his notice of appeal, Tran designated both the trial court's April 5, 2022 order denying his motion to vacate as well as the subsequent order denying reconsideration. However, Tran does not assign error to or present any argument addressing the latter order. Therefore, we do not consider whether the trial court erred in denying reconsideration. See RAP 10.3(a)(4), (6) (requiring appellant's brief to include assignments of error and "argument in support of the issues presented for review"); see also RAP 10.3(g) ("The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto."); see also Riley v. Iron Gate Self Storage, 198 Wn. App. 692, 713, 395 P.3d 1059 (2017) (declining to consider challenge to denial of motion for reconsideration where appellant did not present any argument or supporting authority in his appellate brief).

[5] Tran cites not only to Washington cases but also to federal cases applying Fed. R. Civ. P. 60(b)(1). The standard set forth in the cases Tran cites are not analogous. Compare White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968) (setting out four-factor test that requires moving party to put forth "substantial evidence . . . to support, at least prima facie, a defense to the claim asserted by the opposing party"), with State St. Bank & Tr. Co. v. Inversiones Errázuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004) (setting out three-factor test that requires moving party to

Regardless of which subsection Tran relies on, the trial court had a tenable reason to deny Tran's motion to vacate: Tran did not provide evidentiary support for the factual assertions in his motion, including the value of the parties' home, the existence of other assets, and Tang's alleged threats against him. Cf. King County Local Civil Rule (KCLCR) 7(b)(5)(B)(iv) ("The evidence on which the motion . . . is based must be specified with particularity."). In the absence of such evidence the trial court did not abuse its discretion by concluding that Tran failed to establish a basis to vacate the final orders.

Tran disagrees and challenges the trial court's exercise of discretion on various grounds. He argues that the court erred when it: "did not exercise broad discretion despite there being a valid claim to a one-million-dollar home," "did not consider that there is no prejudice to [Tang]," "did not consider that it was [Tang]'s action to use scare tactic[s] that caused [Tran] not to respond," and "failed to acknowledged [sic] the prejudice that would be presented to [Tran] in denying his motion to vacate." But, Tran's challenges rely on factual assertions for which he provides no citation to the record and where there was no supporting evidence before the trial court. See RAP 10.3(a)(5); see also State v. Curtiss, 161 Wn. App. 673, 703, 250 P.3d 496 (2011). Accordingly, the claims presented do not warrant reversal.

Tran also asserts that his declaration "was within his motion," and he argues the trial court abused its discretion by failing to consider it. But Tran mischaracterizes the record: no declaration was filed in connection with the motion

"demonstrate[] the existence of a meritorious defense"). Nevertheless, any difference between the tests is immaterial here given the trial court's reasons for denying Tran's motion, discussed infra.

5

at issue herein, there was no declaration "within" that motion, and it was signed only by Tran's counsel.[6]

II.    Fees on Appeal

Tran requests fees on appeal under RCW 26.09.140 which authorizes this court to "order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs" in a dissolution proceeding. Tran correctly observes that "[t]he prevailing party standard does not apply in such proceedings." In re Marriage of Wilson, 117 Wn. App. 40, 51, 68 P.3d 1121 (2003). Instead, "'[i]n exercising our discretion, we consider the arguable merit of the issues on appeal and the parties' financial resources.'" In re Marriage of Aiken, 194 Wn. App. 159, 174, 374 P.3d 265 (2016) (quoting In re Marriage of C.M.C., 87 Wn. App. 84, 89, 940 P.2d 669 (1997)).

Tran asserts that "[h]ere, the court has the discretion to grant reasonable attorney fees," but he provides no argument as to why we should exercise our discretion to do so. See Phillips Bldg. Co., Inc. v. An, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996). Furthermore, while the issues Tran raises on appeal have little merit for reasons already discussed, Tran has also not complied with RAP 18.1(c) which provides, "In any action where applicable law mandates consideration of the financial resources of one or more parties regarding an award of attorney fees and

---

[6] Two days after his motion to vacate was denied, Tran renewed the motion before a different trial court judge and, for the first time, provided a supporting declaration that was dated the day after the denial of the motion. The trial court denied the renewed motion for failure to comply with KCLCR 7(b)(7), which provides, "No party shall remake the same motion to a different judge or commissioner without showing by declaration the motion previously made, when and to which judge or commissioner, what the order or decision was, and any new facts or other circumstances that would justify seeking a different ruling from another judge or commissioner." This denial is not before us.

expenses, each party must serve upon the other and file a financial affidavit no later than 10 days prior to the date the case is set for . . . consideration on the merits." We deny Tran's request for fees on appeal.

Affirmed.

_____
Hazelrigg, A.C.J.

WE CONCUR:

_____
Díaz, J.

_____
Bowman, J.